THE PEOPLE OF THE STATE OF NEW YORK, Appellant, v. JOHN ALDEN, Respondent.

An action brought by the district attorney of a county in the name of the People to recover a penalty under the game laws (Chap. 534, Laws of 1879, as amended by chap. 531, Laws of 1880, and chap. 317, Laws of 1883), is an action " to recover money or property or to establish a right or claim for the benefit of a county " within the meaning of the section of the Code of Civil Procedure (§ 3243) in reference to costs in such an action; and where costs are awarded to the defendant, they must be awarded against the county as prescribed in said section.

(Argued December 11, 1888; decided January 15, 1889.)

APPEAL from order of the General Term of the Supreme Court in the third judicial department, made February 28, 1888, which affirmed an order of Special Term denying a motion for an order striking out of the judgment herein costs awarded to defendant against the county of Warren.

This action was brought by the district attorney of the county of Warren to recover penalties under the act (Chap. 557, Laws of 1885), for the alleged violations of said act. The complaint was dismissed on the ground that the cause of action was extinguished by the repeal of said act by chapter 194, Laws of 1886, and costs were awarded against the county.

*Charles R. Patterson*, for appellant. The statute prohibits costs in favor of defendant. (Laws of 1880, chap. 531, § 6.) In an action at law, a party thereto is not liable for costs, and costs cannot be awarded to any party, unless the statute directs it, the common law not allowing costs, in the absence of a statute directing it, the defendant cannot recover costs. (*Kraft* v. *Wilson*, 8 Civ. Pro. 359; *Clark* v. *Dewey*, 5 Johns. 251; *Waterman* v. *Van Benschotten*, 13 id. 425; *Downing* v. *Marshall*, 37 N. Y. 380, 381; *Supervisors* v. *Briggs*, 3 Denio, 173; *Stoddard* v. *Clark*, 9 Abb. [N. S.] 310, 312; *Ward* v. *James*, 8 Hun, 529; *Kilburn* v. *Lowe*, 37 id. 237, 240; *Furman* v. *Cunningham*, 34 id.

606.) The statute under which the action was brought was repealed while the action was pending, and before it was terminated, this extinguished the plaintiffs' cause of action and barred the plaintiffs' right to recover the penalties and costs of the defendant. ( *Butler* v. *Palmer*, 1 Hill, 324; *People ex rel. Canajoharie Nat. Bank* v. *Bd. of Suprs.*, 67 N. Y. 109; *Curtis* v. *Leavitt*, 15 id. 1, 13, 153; *People ex rel. Fleming* v. *Livingston*, 6 Wend. 527; *Smith* v. *Banker*, 3 How. Pr. 142; *Church* v. *Rhodes*, 6 id. 281.) Section 3243 of the Code of Civil Procedure can have no force or effect, unless it be shown by the defendant, before the clerk taxing costs, that this action was brought for the benefit of the county of Warren. (*People* v. *Tremain*, 17 How. Pr. 10, 13.) Under section 3245 the plaintiffs in actions against municipal corporations must prove before the clerk taxing costs, as a condition precedent to the right to costs, that the claim was presented to the fiscal officer of the corporation before costs may be allowed. (*Baine* v. *City of Rochester*, 85 N. Y. 523; *Judson* v. *Village of Olean*, 40 Hun, 158; *Dressel* v. *City of Kingston*, 32 id. 527.) The same rule exists in other cases, actions at law, where costs are conditional or the parties to be charged therewith depend upon extrinsic facts. (*Elliott* v. *Lewickey*, 51 Super. Ct. [J. & S.] 51; *Voorhees* v. *McCartney*, 51 N. Y. 387; *Kelly* v. *N. Y. & M. B. R. R. Co.*, 81 id. 233.) The plaintiffs have as a statutory right, the right to have the costs, if there be any, taxed and awarded in a legal way, that is, by the clerk. The court cannot take away that right. (Code Civ. Pro., § 3262.) Plaintiffs' remedy is the same as if no order or direction had been made; their remedy is by motion, not by an appeal from the judgment. (Code Civ. Pro. § 3264; *Broadway* v. *Scott*, 31 Hun, 378, 381; *Syms* v. *Mayor, etc.*, 105 N. Y. 153; *Davis* v. *Davis*, 3 N. Y. S. R. 163; *Ayers* v. *West. R. R. Corp.*, 49 N. Y. 660; *Block* v. *O'Brien*, 23 Hun, 84; *Burdick* v. *Hale*, 13 Abb. N. C. 60; *Fuller* v. *Conde*, 47 N. Y. 89; *Lanz* v. *Troat*, 46 How. Pr. 94; *Cythe* v. *La Fountain*, 51 Barb. 195.) A judge has no power to

award costs in the first instance, except for interlocutory purposes. Costs in actions at law are governed by statute and follow or not as a matter of statutory right, irrespective of the order of the court. (*Gray* v. *Hannah,* 3 Abb. [N. S.] 183; *Combs* v. *Combs,* 25 Hun, 279; *Shippard* v. *Hoit,* 7 Hill, 198; *Carpenter* v. *Willett,* 3 Robt. 700; *Andrews* v. *Long,* 22 id. 24; 41 Hun, 212; *Kilburn* v. *Lowe,* 37 id. 237, 240; *Stoddard* v. *Clark,* 9 Abb. [N. S.] 310, 312; *Zultger* v. *Walters,* 64 Barb. 417; *Hamiston* v. *Bullard,* 63 id. 11; *King* v. *Poole,* 36 id. 242; *Ackerman* v. *De Tude,* 36 Hun, 44; *Crowell* v. *Smith,* 35 id. 182; *Ryan* v. *Doyle,* 40 How. Pr. 215; *Glackin* v. *Zeller,* 52 Barb. 147; *Munson* v. *Curtis,* 6 N. Y. S. R. 189; *Fargo* v. *Helmes,* 6 id. 504; *Cole* v. *Terpenning,* 27 Hun, 111.)

*L. M. Brown* for respondent. The defendant was entitled to costs of the action; the action being one brought by the People of the state against the defendant to recover penalties amounting to $500. (Code of Civ. Pro. §§ 3228, subd. 3, 3229.) The judgment for costs was properly entered against the county of Warren. (Laws of 1885, chaps. 577, 934; Laws of 1879, chap. 534, § 33; 2 R. S. [7th ed.] 2107; Code of Civ. Pro. § 3243; *Logan* v. *Thomas,* 11 How. Pr. 160; *Webb* v. *Crosby,* 11 Paige, 193, 195, *Remington Paper Co.* v. *O'Brien,* 18 Week. Dig. 209; *Cornly* v. *Mayor, etc.,* 1 Civ. Pro. 206.) The costs were part of the relief granted in the cause, and any error in the relief could only be reached by appeal from the judgment. (*Lossee* v. *Ellis,* 13 Hun, 655, 657; *Stevens* v. *Veriane,* 2 Lans. 90, 92; *Chapin* v. *Churchill,* 12 How. Pr. 367; *McLean* v. *Olcott,* 11 Hun, 394; 73 N. Y. 603.)

ANDREWS, J. The validity of the judgment for costs awarded against the county of Warren on the dismissal of the complaint, depends upon section 3243 of the Code of Civil Procedure, that is to say, upon the question whether an action to recover a penalty under the game laws, brought by the district attorney of the county, is an action " to recover money or

property, or to establish a right or claim for the benefit of a county" within the purview of that section. Section 33 of chapter 534 of the act of 1879, for the preservation of game, makes it the duty of a district attorney to commence an action in the name of the People for the recovery of penalties given by the act, upon receiving proper information, and awards one-half of the penalty received to the informer, and the other half to the county in which the action is brought. But the act makes no provision for the recovery of costs by a defendant when the plaintiff fails in the action. The claim that section 6 of the act of 1880, chapter 531, prohibits the recovery of costs by a defendant, where the action is brought by a district attorney in the name of the People, is not tenable. That section permits a district attorney to discontinue such an action, and in that case no costs or disbursements are recoverable by the defendant. But the section has no application where the suit proceeds to trial and the complaint is dismissed, or judgment is rendered in favor of the defendant. It rather furnishes an implication that in such cases costs are recoverable by a defendant. The game laws proceed on the assumption that a county has an interest in the preservation of game within its limits and in the enforcement of the laws for its preservation. By the act of 1879, boards of supervisors are authorized to make regulations or ordinances for the protection of game within their respective counties (§ 37); to levy a tax for the enforcement of the provisions of the act (§ 35); to provide for the election of game constables in towns, who are authorized to prosecute for penalties, and makes the costs in suits so prosecuted where the plaintiff fails to recover, a county charge. (§ 38). These and other similar provisions indicate very plainly that the legislature regarded the county as an interested party. Chapter 591 of the Laws of 1880 introduced an additional feature in the system of legislation for the protection of game by authorizing the appointment by the governor of a certain number of game and fish protectors. This statute did not displace the prior legislation, but supplemented it. It requires the district attorney of any county, on the request of any game protector

appointed under the act, to prosecute in the name of the People actions or proceedings for violations of the game laws, and requires the treasurer of the county, on the requisition of the district attorney, to advance necessary witnesses' fees and disbursements. It directs that the penalities and fines received and collected shall be paid to the county treasurer of the county. But no part of the penalities received in an action brought upon information of a state game protector can be retained by the county, as in suits prosecuted under the act of 1879, but they are to be paid by the county treasurer into the state treasury to the credit of the general fund, except that the county is authorized to retain sufficient thereof for its reimbursement for outlays and expenses incurred under the act. By chapter 317, Laws of 1883, the act was amended by dividing the penalty recovered between the informer and the state. It does not appear from the record before us whether this action was brought on the information of a state game protector under the act of 1880 or not. If brought upon his information under that act, the county of Warren would not have been entitled to retain any part of the penalty which might have been recovered therein against the defendant, except to the extent necessary for reimbursement. If brought under the act of 1879, it would have been entitled to one-half of such recovery. But we think the action was brought for the benefit of the county of Warren, within section 3243 of the Code, whether brought upon the information of the state game protector or of some other person. The statutes, as we have said, assume that the protection of game and the enforcement of the game laws is a county interest. It imposes upon county officers the duty of bringing actions. It requires the county treasurer to advance from the county funds the necessary sums for disbursements and expenses. Whether the county is pecuniarily benefited or not by a recovery, a county interest is thereby protected. It would be very unjust to subject a defendant to costs in case of recovery by the People, and give him no indemnity in case judgment is rendered in

his favor.    We think section 3243 may fairly be held to cover this contingency.

The order should be affirmed.

All concur.

Order affirmed.