PEOPLE *v.* TANNER.

*(Supreme Court, General Term, Second Department.    May 11, 1891.)*

GAME LAWS—FISH—UNLAWFUL TAKING.

Laws N. Y. 1879, c. 534, § 23, as amended by Laws N. Y. 1884, c. 127, provides that "no person shall kill or catch * * * any fish, * * * except * * * suckers, and catfish, in any of the fresh waters * * * of this state, * * * in any way or manner, or by any device whatever, except that of angling with a hook and line, save only in the following waters, namely, the Hudson river below the dam at Troy." *Held,* on an indictment under said section, for taking suckers in Wappinger's creek, Dutchess county, that it is plain, from the words of the statute, that suckers are not within the provision therein contained, and that the defendant was not guilty of any violation of the law.

Appeal from circuit court, Dutchess county.

Action by the people of the state of New York by the direction of Matthew Kennedy, game and fish protector, against Reuben Tanner, to recover a penalty for violation of the fish laws in taking bass and suckers from the waters of Wappinger's creek, in the county of Dutchess, in a net, contrary to Laws N. Y. 1879, c. 534, § 23, as amended by Laws N. Y. 1884, c. 127, and for illegally having in his possession a net for taking such fish. Said statute (section 23) provides that "no person shall kill or catch, or attempt to kill or catch, any fish, except minnows, bull-heads, eels, suckers, and catfish, in any of the fresh waters or in any of the canals of this state, or in the American waters of the St. Lawrence river, in any way or manner, or by any device whatever, except that of angling with a hook and line, save only in the following waters, namely, the Hudson river below the dam at Troy." Wappinger's creek flows into the Hudson below the dam at Troy. Laws N. Y. 1879, c. 534, § 24, as amended by Laws N. Y. 1886, c. 11, provides: "Any person having in his or her possession, upon any of the waters of this state, or upon the shores or islands in any waters of this state, inhabited by salmon trout, lake trout, black bass, Oswego bass, fresh-water striped bass or muscalonge, without the permission of the commissioners of fisheries, any snares, nets, stake poles, or other device used in unlawfully taking such fish, shall be deemed guilty of a misdemeanor, and in addition thereto shall be liable to a penalty of twenty-five dollars; but nothing herein contained shall apply to that portion of the Hudson river south of the dam at Troy." There was a judgment for defendant, and the plaintiff appeals.

Argued before BARNARD, P. J., and DYKMAN and PRATT, JJ.

*Martin Heermance,* for appellant.    *Frank L. Akerley,* for respondent.

PRATT, J.    The ruling of the court at circuit was correct as to the first count of the indictment.    It is not the province of the courts to harmonize all the special enactments of the legislature, but only to decide the questions as they arise between litigants.    It is not enough, in a penal statute, that the law-making power intended a certain result; but the statute must be so framed that such a result can be inferred from the words used.    It is plain from the words of the statute (section 23, c. 534, Laws 1879) that suckers are not within the prohibition therein contained, and therefore the defendant was not guilty of any violation of the law.    The case upon the second count was fairly submitted to the jury, and a verdict returned for the defendant.    This verdict was rendered upon conflicting testimony, and cannot properly be disturbed. *Cullen* v. *Sheet-Metal Roofing Co.,* 46 Hun, 562.    These views, if correct, are decisive of the case.    We may add, however, in answer to the appellant's argument, that we fail to see any such inconsistency in the statute as he contends for.    It is a well-known fact that suckers are never taken with a hook and line, unless by accident.    Therefore that they should not be included among the fish only to be so taken was reasonable and proper.    The indictment was based upon this section of the law, and a conviction, if had

at all, must be under it.   We also think costs were properly awarded against the county of Dutchess.   *People* v. *Alden*, 112 N. Y. 117, 19 N. E. Rep. 516.
  Judgment affirmed, with costs.