## PEOPLE *v.* SMITH.

*(Supreme Court, Special Term, Oswego County.    January 23, 1892.)*

GAME LAWS—ACTION FOR PENALTY—COSTS—WHO LIABLE.

An action by the state game protector, (Laws 1888, c. 577,) to recover a penalty for violating the game laws, is one to establish a right for the benefit of the county in which the violation occurred, within the meaning of Code Civil Proc. § 3243, though the penalty is divided between the state and informant; and, where costs are awarded to a defendant in such action, judgment must be rendered against such county, though the action was prosecuted in an adjoining county.

Action in the name of the people against William W. Smith, pursuant to Laws 1888, c. 577, to recover a penalty for a violation of the state game laws. The action was brought in Lewis county for a violation in Oneida county, and, defendant having been successful in his defense, costs were awarded against Lewis county. Subsequently the judgment for costs against Lewis county was vacated, and defendant now moves for judgment against Oneida county. Motion granted.

*Geo. F. Morss,* for the motion.    *Thos. S. Jones,* Dist. Atty., opposed.

WRIGHT, J.    The decision of this motion depends upon the answer to the question, was this action brought to establish a right for the benefit of Oneida county?    Section 3243, Code Civil Proc., provides that, "in an action * * * brought in the name of the people of the state to recover money or property, or to establish a right * * * for the benefit of a county, * * * costs shall not be awarded against the people; but, where they are awarded to the defendant, they must be awarded against the body for whose benefit the action * * * was brought."    The learned district attorney urges that, since the county of Oneida would not be entitled to any portion of the penalties in case of a recovery, (the statute providing that the net proceeds shall be divided between the informant and the state) this action was not brought for the benefit of that county.    That is not the proper test.    The main purpose of the prosecution of this class of actions is not the collection of penalties, but the establishment and enforcement of rights; in this case it was the protection of the people of Oneida county in the enjoyment and profit of the game within its borders.    The penalty is only an incident, affording the informant a motive to complain of offenders.    The idea of protecting county interests pervades the entire game law.    The boards of supervisors are empowered to supplement the state laws by further provisions relating to their respective counties, (chapter 212, Laws 1884;) and it is the duty of the state game protector to enforce such supplementary provisions as well as the state laws, (section 2, c. 577, Laws 1888.)    Judge ANDREWS, in *People* v. *Alden,* 112 N. Y. 120, 19 N. E. Rep. 516, says:    "The game laws proceed on the assumption that a county has an interest in the preservation of game within its limits, and in the enforcement of laws for its preservation."    And on page 121, 112 N. Y., and pages 516, 517, 19 N. E. Rep., he further remarks:    "Whether the county is pecuniarily benefited or not by a recovery, a county interest is thereby protected."    The statute reposes discretion in the state game protectors to cause the action to be brought in the county wherein the unlawful act occurred, or in an adjoining county, as was done in this case; but the former county is the one for whose interest and benefit the right is sought to be established.

Motion granted, without costs.