THE PEOPLE OF THE STATE OF NEW YORK ex rel. JAMES C. FARGO, as President of the American Express Company, Appellant, *v.* SIMON W. ROSENDALE, Attorney-General, Respondent.

*Costs against the People under chapter 488 of 1892 — collected under section 3241 of the Code — section 3243 does not apply — certification of a judgment by the Attorney-General — when a ministerial act.*

Where costs are awarded against the plaintiff in an action prosecuted in the name of the People of the State, under the direction of the chief game protector, to recover penalties for an alleged violation of the provisions of section 46 of chapter 488 of the Laws of 1892, which penalties, if recovered, are not to be paid into the treasury, or for the benefit of the county in which the wild game charged to have been illegally transported was captured, the payment of such costs should be enforced against the People of the State, under the provisions of section 3241 of the Code of Civil Procedure. Such a case does not come within the provisions of section 3243 of the Code of Civil Procedure so as to authorize the collection of the costs from the county in which the game was captured, or from any of the counties through which it passed.

The certification by the Attorney-General of a judgment which is certified by a clerk of the court, and which imports on its face absolute verity, is in no sense a judicial but is purely a ministerial act.

APPEAL by the relator, James C. Fargo, as president of the American Express Company, from an order of the Supreme Court, made at the Albany County Special Term and entered in the office of the clerk of the county of Albany on the 5th day of September, 1893, denying the relator's application for a peremptory writ of mandamus.

*Frank Hasbrouck,* for the appellant.

*John W. Hogan,* for the respondent.

MAYHAM, P. J.:

The principal question to be determined on this appeal is whether the actions prosecuted in the name of the People of the State under the direction of the chief game protector thereof, to recover penalties for violations of the provisions of section 46 of chapter 488 of the Laws of 1892, were actions prosecuted for the benefit of the county, in which the wild game, charged to have been illegally transported by the relator, was captured, or for the benefit of the State in whose

name the actions were prosecuted and into whose treasury the penalties, if recovered, were to be paid.

If for the benefit of the former, the costs awarded in favor of the relator should be charged, under the provisions of section 3243, against the county of Herkimer where the game in these cases was captured; but if for the benefit of the State, then the costs should be awarded against the People of the State and the payment of the same enforced under the provisions of section 3241 of the Code of Civil Procedure.

Prior to the enactment of chapter 488 of the Laws of 1892, most, if not all, of the legislation for the protection of game and fish in the State was of a local character, with the powers and duties conferred and imposed for their enforcement upon certain local officers and boards acting in towns and counties, and the penalties for the violation of such laws were given, some portions to the informer, and the balance to the county in which the action was brought. By section 33 of chapter 534 of the Laws of 1879 district attorneys were required to prosecute for penalties for violation of the game laws, and one-half of the penalty belonged to the informer, and the other half was required to be paid to the treasurer of the county in which the action was brought.

This chapter conferred jurisdiction upon Courts of Special Sessions of towns to try all actions for penalties, and directs the payment of the fines and penalties so collected to the county treasurer of the county where the offense was committed, and makes it the duty of all sheriffs, constables and game constables to arrest for violations of such act.

The same chapter confers jurisdiction upon the boards of supervisors of the State, except in the counties therein expressly excepted, to appoint game constables, who are authorized to prosecute for penalties under the game laws and makes their compensation for such service a charge against the county. Chapter 591 of the Laws of 1880 authorized the Governor to appoint eight game and fish protectors, who were authorized to prosecute actions in the name of the People for violations of the game laws of the State, and district attorneys of counties were, on request of the game protectors, to prosecute for penalties, and the moneys collected in such prosecu-

tions, except costs, which belonged to the district attorney, were required to be paid to the county treasurer of the county in which the actions were prosecuted, and after reimbursing the county for all expenses incurred by it in the prosecution and collection of the penalty, the treasurer is required to pay the balance into the State treasury.

Under the provisions of these statutes the penalties seem to be recovered to the use of the county where the actions are prosecuted, so far, at least, as to reimburse the counties for all expenses in their collection and in most cases for the absolute benefit of the county.

The case of *The People* v. *John Alden* (112 N. Y. 117), which was relied upon by the learned justice at Special Term in deciding this motion, was decided under the provisions of chapter 534 of Laws of 1879, as amended by chapter 531 of the Laws of 1880.

By section 277 of chapter 488 of the Laws of 1892, chapter 534 of the Laws of 1879, above referred to, was repealed, and all actions prosecuted after the 5th of May, 1892, must be governed by chapter 488, above referred to. Section 230 of that act provides that " All penalties imposed by this chapter may be sued for and recovered in the name of the People of the State of New York." .Section 238 of this chapter provides that the penalties recovered shall be paid to the board of commissioners and be disbursed by it, as provided in that act. Section 240 provides that one-half of the penalties shall be paid to the protector or special protector upon whose information the action shall be brought, and section 241 that the remaining money received by the board of commissioners shall be applied to the payment of expenses of actions for violations of the game laws, on the certificate of the chief protector.

It will be seen that none of the penalties recovered for violations of the provisions of the game laws goes into the county treasury of the county either where the action is prosecuted or where the offense was committed by the capture or destruction of the fish or game, the capture or destruction of which is made a penal offense under the act, and it would seem to follow that a decision of the court under the former acts would not necessarily control in the interpretation of the provisions of chapter 488 of the Laws of 1892.

It is true that in *People* v. *Alden* (*supra*) Judge ANDREWS uses this language: " But we think the action was brought for the benefit

of the county of Warren within section 3243 of the Code, whether brought upon the information of the State game protector or of some other person. The statutes, as we have said, assume that the protection of game and the enforcement of the game laws is a county interest. It imposes upon county officers the duty of bringing actions. It requires the county treasurer to advance from the county funds the necessary sums for disbursements and expenses. Whether the county is pecuniarily benefited or not by a recovery, a county interest is thereby protected."

The court in that case held that the county should pay the costs to the defendant on his recovery. But it will be remembered that the law under which that action was prosecuted required that the penalty in the first instance went into the county treasury for the express purpose of indemnifying the county against all costs and expenses, while in this, as we have seen, no part of the proceeds of the litigation, if successful, could by any possibility reach the county treasury, either of the county in which the game was killed, or any of the counties through which it is alleged it was carried by the defendant.

The facts of this case are not, therefore, like those in *People* v. *Alden (supra)*, and the law under which this action is prosecuted is, in many respects, as we have seen, different from that under which that case was decided.

The penalty was not given for the benefit of any one county. Nor can any one county be regarded as solely and directly benefited by the prosecution of the action. The case does not, therefore, come within the provisions of section 3243 of the Code of Civil Procedure, so as to authorize the collection of their costs out of the county in which this game was captured, or any of the counties through which it passed, and while, as was held in the case of *People* v. *Alden* (112 N. Y. 121, *supra*), that the defendant is entitled to his costs, there seems to be no way open to the defendant for the recovery of the same except that furnished by section 3241 of the Code.

The judgment certified by the clerk, to which the certificate of the Attorney-General is desired, imports on its face absolute verity, and the certification of the same by the Attorney-General is in no sense a judicial, but is purely a ministerial act, and it is quite unlike

that required of the Attorney-General in perfecting the charter of an insurance corporation, and no point is made that a mandamus is not the proper remedy for the relator.

The order of the Special Term must be reversed and a peremptory writ of mandamus awarded, with costs and disbursements in favor of the relator.

PUTNAM and HERRICK, JJ., concurred.

Order of Special Term reversed and a peremptory writ of mandamus ordered to be issued, with costs of motion at Special Term and costs and printing disbursements of this appeal to the relator.