THE PEOPLE OF THE STATE OF NEW YORK, Appellant, *v.* THREE BARRELS FULL, TWO BARRELS FULL, THREE FIVE GALLON JUGS and TWO FIVE GALLON JUGS, PART FULL.

PAOLO RUSSOTTO and the COUNTY OF NEW YORK, Respondents.

First Department, December 1, 1922.

Intoxicating liquors — action to declare forfeited certain alleged intoxicating liquors seized by police department of city of New York — liquors awarded to claimant — costs of proceedings payable by State and not by county.

The costs, in proceedings prosecuted by the district attorney of the county of New York under section 802-b of the Code of Criminal Procedure to declare forfeited alleged intoxicating liquors which were seized by the police department of the city of New York, are payable by the State and not by the county of New York where said liquors are awarded to a claimant in said proceedings.

37

Appeal by the People of the State of New York from so much of a judgment of the Supreme Court, entered in the office of the clerk of the county of New York on the 7th day of January, 1922, upon a dismissal of the proceeding by direction of the court after a trial by the court and a jury, as awards costs against the appellant; also from an order of the Supreme Court, made at the New York Special Term and entered in said clerk's office on the 9th day of March, 1922, denying appellant's motion to resettle said judgment, and also from an order of the Supreme Court made at the New York Special Term and entered in said clerk's office on the 29th day of April, 1922, denying appellant's motion for a reargument of said motion for resettlement.

*Charles D. Newton, Attorney-General [Robert P. Beyer, Deputy Attorney-General,* of counsel], for the appellant.

*Charles Novello,* for the respondent Paolo Russotto.

*John P. O'Brien, Corporation Counsel [John F. O'Brien* of counsel; *Charles J. Druhan* with him on the brief], for the respondent County of New York.

Page, J.:

This was a proceeding to declare forfeited certain alleged intoxicating liquors seized by the police department of the city of New York. A return was made by the police department to the Supreme Court, New York county, and an answer interposed by one Paolo Russotto, claiming ownership of the seized liquors, and that the seizure was unlawful. A trial was had of the issues raised, which resulted in a judgment for the claimant on January 7, 1922, which judgment awards costs in favor of the claimant against the People of the State of New York. Thereafter, the claimant made a motion for resettlement of said judgment so as to provide that the costs be paid by the county of New York instead of the State of New York. This motion was denied by order dated and entered March 9, 1922. Subsequently, the People of the State of New York made a motion for reargument of said motion for resettlement, which motion was denied by order entered April 29, 1922. From all of these orders an appeal has been taken by the People of the State of New York.

The proceeding was brought under section 802-b of the Code of Criminal Procedure (as added by Laws of 1921, chap. 156), which revised section 33 of the former Liquor Tax Law (as amd. by Laws of 1920, chap. 911), and which provides, so far as material to this appeal, that the judgment should provide for the restoration of the liquor seized to the possession of the answering claimant, if it shall be determined that the liquor was not kept, stored or deposited

for an illegal purpose, but if the issues are determined adversely to the answering claimant a judgment may provide for the destruction of the liquor seized or for its delivery to some department or agency of the State or county in which the seizure is made for medicinal, mechanical or scientific uses, or order it sold at private sale for such purposes. The proceeds of such sale must be paid over and accounted for to the treasurer of the county. All expenses and disbursements necessarily incurred or made in caring for or selling such liquors must be paid by the county in which the property seized is situated.

The proceeding was prosecuted by the district attorney of the county. The Attorney-General bases his entire claim that the costs should be directed to be paid by the county, upon the fact that if there should be a sale of the seized goods the proceeds of the sale would go to the county and, therefore, the provisions of section 1496 of the Civil Practice Act (which was taken from the Code of Civil Procedure, section 3243, without change) would apply.

The sole authority for this contention is *People* v. *Alden* (112 N. Y. 117). That case arose for the illegal killing of game under the Game Law of the State, which required the district attorney of any county, on the request of any game protector appointed under the act, to prosecute in the name of the People of the State actions or proceedings for violation of the Game Law, and required the treasurer of the county on the request of the district attorney to advance necessary witness fees and disbursements, and directed that the fines and penalties received and collected should be paid to the treasurer of the county. In actions brought by State game protectors the penalties were required to be paid by the county treasurer into the State treasury, after deducting a sufficient sum to reimburse it for outlays and expenses incurred under the act. The act had been amended so as to provide for a division of the penalty between the informer and the State if the proceeding was based on the request of a State game protector. It did not appear in the record whether the action was brought on the information of a State or county game protector.

While the court discussed the question of a benefit to the county by receiving the penalty, the gravamen of the decision is: " The statutes, as we have said, assume that the protection of game, and the enforcement of the game laws is a county interest. It imposes upon county officers the duty of bringing actions. It requires the county treasurer to advance from the county funds the necessary sums for disbursements and expenses. Whether the county is pecuniarily benefited or not by a recovery, a county interest is hereby protected."

In *People ex rel. Fargo* v. *Rosendale* (76 Hun, 112; affd., 142 N. Y. 670) a mandamus proceeding was brought to compel the Attorney-General to issue his certificate to pay the costs awarded by judgment against the People of the State in a prosecution that was brought under the Game Law for the illegal transportation of game. In the meantime the Game Law had been revised so that the penalties recovered were to be paid to the Board of Commissioners of Fisheries. (Gen. Laws, chap. 31 [Laws of 1892, chap. 488], §§ 230, 238 *et seq.*) The court held that there were no county interests subserved by the action; that neither the county in which the game was killed nor the county in which the game was seized would receive the penalty, and, therefore, that the costs were properly to be assessed against the State.

The case, however, which in my opinion is conclusive on this appeal is *People* v. *Hodnett* (81 Hun, 137; affd., on opinion below, 146 N. Y. 378) in which the defendant was prosecuted for delivering to a cheese factory adulterated and impure milk in violation of the act to prevent deception in the sale of dairy products and to preserve the public health. (Laws of 1885, chap. 183, as amd.)

In that case the State Dairy Commissioner was charged with the enforcement of the law, and all expenses were to be paid from the State treasury. No duty is devolved by the statute upon the officers of any county as such to prosecute actions against those violating its provisions. The money obtained on recovery is, however, divided equally between the State and city or county where the prosecution is had, except that money recovered in actions prosecuted by a citizen of the State is divided equally between him and such city or county. The court said:

"The products of cheese factories are articles of commerce, go into the markets of the country, and are dealt out to the public through the retail trade in the towns, villages and cities of the State. The resulting benefits contemplated by the provisions of the act, in their observance and enforcement, are to the community at large, and they are not necessarily any less to other counties than to those within which the prosecutions are had. The penalty is not imposed as a benefit, but is a means prescribed to render the beneficial purposes in view impressive and effectual. The recovery of it, therefore, is merely incidental to the object to be attained, and the contribution to the county whose courts are employed to determine such prosecutions is quite reasonable.

"It is urged that, for the purposes of the relief sought, it is sufficient that the object of the action was to benefit the county in any degree.

"The protection of the public health is an aim of the act. The

people of the county where the prosecution is had participate in the benefits in that respect, as well as in the money which may be derived from a successful result of such prosecution. But the sanitary advantages to the county are in common with those to other portions of the State. The reasonable intendment of section 3243, before mentioned, is that the benefit there referred to is one peculiar to the county in its relation to the main object sought to be attained by the prosecution of the action, and it is then that the burden of the costs awarded to defendants resulting from the unsuccessful prosecution of actions is cast upon the county. Then, it may be assumed, that actions would and should be somewhat under the control or direction of the local official authorities.

" They do not necessarily have any such relation to those prosecuted pursuant to the act in question, and, as has been observed, the recovery of the penalty is not the chief purpose of it or the ultimate object in view by the prosecution of actions therefor. The purpose is well expressed in the title before mentioned of the act."

Section 802-b of the Code of Criminal Procedure, under which this proceeding was brought, is part of the statute known as the State Prohibition Enforcement Act and was enacted for the purpose of enforcing throughout the entire State the provisions of the Eighteenth Amendment of the Federal Constitution. It has no local or sectional signification.

The district attorney is required to prosecute these proceedings as part of his duty as prosecuting officer of the county, and the expenses to be paid by the county are of the same nature as those that would be paid in the prosecution of any criminal action. The provision that the money received from a possible sale of the liquors shall be paid into the treasury of the county is for the purpose of reimbursing the county to that extent for the expense incurred, the same as fines recovered in criminal actions go into the treasury of the county; but the purpose of the act is not primarily to allow a county to recover money or property or to establish a right or claim for the benefit of the county. Its sole purpose is to enforce article 113 of the Penal Law (as added by Laws of 1921, chap. 155), known as the State Prohibition Act and enacted as a part of the concurrent power of the State pursuant to the Prohibition Amendment of the Federal Constitution.

The judgment so far as appealed from and the orders should be affirmed, with ten dollars costs and disbursements.

CLARKE, P. J., DOWLING, SMITH and GREENBAUM, JJ., concur.

Judgment and orders affirmed, with ten dollars costs and disbursements.