### CANDEE v. CUNNEEN, Atty. Gen.

(Supreme Court, Appellate Division, Third Department. March 2, 1904.)

1. RECEIVER—EMPLOYMENT OF ATTORNEY—COMPENSATION—APPROVAL OF AT-
TORNEY GENERAL—CONSTRUCTION OF STATUTE.

Under Laws 1902, p. 114, c. 60, § 4, providing that a receiver may employ not to exceed one counsel, and may make such payment on account for services during the receivership as shall be just upon the written approval of the Attorney General, and subject to the court's order on final settlement, and also providing that no compensation shall be allowed unless under an agreement in writing approved by the Attorney General, additional counsel to be employed only upon that official's written approval, the approval of the Attorney General goes to the amount of compensation to be paid the receiver's attorney, and not merely to the expediency of employing one; and hence the Attorney General cannot be compelled to approve a contract by a receiver for the employment of an attorney in which compensation is provided for generally without any amount being fixed.

2. SAME—MANDAMUS—CONSTITUTIONALITY OF STATUTE.

Laws 1902, p. 114, c. 60, § 4, provides that no compensation shall be allowed to an attorney for a receiver unless an agreement for his compensation has been made in writing upon the approval of the Attorney General. On the expiration of a receiver's contract with an attorney, which had been made with the Attorney General's approval, the receiver entered into another contract with the attorney, in which it was provided that his com-

pensation was to be measured by the value of his services. Afterwards the Attorney General prepared a contract, fixing a maximum amount for attorney's charges, which was left blank, and submitted it to the parties, who refused to execute it. *Held*, that the Attorney General could not be compelled by mandamus to approve the contract already made by the receiver with the attorney.

Appeal from Special Term, Albany County.

Application for a peremptory writ of mandamus by Edward D. Candee, as receiver of the Anglo-American Savings & Loan Association, against John Cunneen, Attorney General. From an order denying the writ, the applicant appeals. Affirmed.

Edward D. Candee was appointed permanent receiver of the Anglo-American Savings & Loan Association on the 5th day of January, 1900. From the time of his said appointment he has, as such receiver, continuously employed N. as his attorney and counselor. From February 26, 1902, said N. was employed, pursuant to a contract in writing entered into between the receiver and N., which contract was approved by the Attorney General of this state. Said contract, by its terms, expired February 26, 1903. On February 26, 1903, a contract was entered into between said receiver and N., which provided: "That the said Edward D. Candee, as such receiver, shall and hereby does employ said Myer Nussbaum as his counsel upon a compensation to be measured by the value of his services, payments thereon, if any, to be subject to the order of the court in whole or in part, upon the final settlement of such receiver's accounts, payments thereon however to be made from time to time on account of such services as the same are performed and the payment thereof approved in writing by the Attorney-General." On May 8, 1903, the Attorney General wrote N. as follows: "Referring to the matter of the agreement between yourself as attorney, and Edward D. Candee as receiver, as provided by section 4 of chapter 60 of the Laws of 1902, I enclose herewith contracts for you to execute as of date February 26th, 1903, the expiration of your old agreement. Please insert such sum as 'the receiver and yourself shall agree to be a fair, just and reasonable compensation for the period named. If you will then return the contracts to me, I will pass upon them, as provided by the statute, and if approved, I will return one copy to you for your files. Kindly furnish me with a brief recital as to what remains for counsel to do in this receivership, aside from preparing for the final accounting. I would be pleased to have you give me such facts as were considered by yourself and the receiver in fixing your compensation." The proposed contracts inclosed in said letter among other things provided: "It is further mutually agreed that the value of the said services of the attorney is to be adjusted by the court upon the final settlement of the accounts of the receiver, but that the amount shall not exceed ——— dollars. Partial payments may be made to apply on account of said services from time to time providing the consent of the Attorney-General be first obtained, but that the aggregate of all said partial payments shall not exceed a sum equal to fifty (50%) per cent. of the said maximum sum. It is also understood that all payments which may be made shall be subject to the order of the court in whole or in part, until the final settlement of the receiver's accounts to the same extent as the accounts of general assignees are subject to revision and reduction, pursuant to section 4 of chapter 60 of the Laws of 1902 aforesaid." No agreement was consummated between the Attorney General, said receiver, and N., his attorney and counsel, and thereafter the said written agreement of February 26, 1903, was presented to the Attorney General for his approval, which approval was refused. An application was then made to the court for an order that a writ of peremptory mandamus issue out of the Supreme Court directing and commanding the Attorney General to approve said contract. The court denied said application, and from the order entered thereon this appeal is taken.

Argued before PARKER, P. J., and SMITH, CHASE, CHESTER, and HOUGHTON, JJ..

Myer Nussbaum, for appellant.

John Cunneen, Atty. Gen., and William H. Wood, Dep. Atty. Gen., for respondent.

CHASE, J.   Section 4, c. 60, p. 114, Laws 1902, provides as follows:

"The receiver may employ not to exceed one counsel and may make such payment upon account for legal services during the progress of the receivership as shall be just and proper, but no such payment on account shall be made to any counsel except upon the approval thereof in writing by the Attorney General, and such payments shall be subject to the order of the court in whole or in part upon the final settlement of the receiver's accounts to the same extent as the accounts of general assignees are subject to revision and allowance; but no compensation shall be allowed to an attorney for a receiver unless an agreement for his compensation has been made in writing upon the approval of the Attorney General.   Additional counsel shall be employed only upon the written approval of the Attorney General."

It is urged by the appellant that the approval required from the Attorney General relates to the necessity of employing an attorney and counsel, and that, if the necessity of employing an attorney and counsel is conceded, it is the duty of the Attorney General to approve a contract or employment in which compensation is provided for generally, without in any way fixing or limiting the amount thereof.   We do not so read the statute.   The statute expressly provides "the receiver may employ not to exceed one counsel."   There is no limitation upon such express power.   The only express limitation on the employment of counsel is contained in the last sentence, namely, "Additional counsel shall be employed only upon the written approval of the Attorney General."   The statute was not enacted for the purpose of effecting the selection by the receiver of one attorney and counsel.   If the necessity of employing an attorney and counsel is conceded, and an attorney and counsel is employed, except for the provisions of this statute such attorney and counsel would be entitled to reasonable compensation as a matter of law.   An agreement for reasonable compensation is inferred in all ordinary contracts of employment.   An approval, therefore, of the employment of an attorney and counsel in which agreement it is provided generally that he shall have compensation for his services, would be an idle ceremony.   The section of the statute quoted relates to the amount of compensation to be paid to the attorney and counsel of the receiver.   Two things are apparently sought by its provisions:   (1) To limit the payments on account for legal services during the progress of the receivership to such as are approved in writing by the Attorney General; (2) to prohibit the allowance of compensation to an attorney "unless an agreement for his compensation has been made in writing upon the approval of the Attorney General."   The duties of a receiver of a corporation frequently extend over a considerable period of time, and it has been the practice to obtain orders from time to time authorizing payments on account of legal services during the progress of the receivership.   The allowance of such payments has been a frequent subject of discussion.   Whether this statute provides a way to aid the court in limiting the amount of payments on account of legal services prior to the final accounting of the

receiver or in correctly determining the aggregate amount of such compensation is not now under consideration, but that the purpose of the act is to further restrict and control such payments and compensation cannot be doubted.

It is suggested that the statute is unconstitutional, as interfering with the power of the Supreme Court. It may well be that the provision of the statute which wholly prohibits all compensation to an attorney properly and necessarily employed by the receiver, unless an agreement has been made in writing for his compensation upon the approval of the Attorney General, is an interference with the recognized power of the court. The question of the constitutionality of the statute is not necessary to the determination of this appeal, and we do not pass upon it in any way. If compensation cannot be made to an attorney and counsel of a receiver unless there is an agreement in writing approving of such compensation, then the Attorney General is vested with a discretion in regard to such approval which cannot be interfered with by peremptory mandamus, at least upon the facts shown in this record. If the statute is a violation of the Constitution, the appellant is in no position to ask the court to compel the Attorney General to act under such void statute.

The order should be affirmed, with $10 costs and disbursements. All concur; SMITH, J., in result.