John D. Bennett, S.
In this accounting proceeding the court is required to rule on an objection made during the examination of Mae Fenton Sorenson, an executrix of this estate, under section 263 of the Surrogate’s Court Act.
The specific question objected to appears on page 12 of the examination: “ Q During the period of three years prior to his (the decedent’s) death did Dr. Fenton transfer any property to you? ”
The basis of the objection in effect is that, if there were any such transfers, they occurred during the decedent’s lifetime and as such are not related to the administration of this estate.
While it is true that the fiduciary is responsible only for her acts or neglects in the administration of the assets which belonged to the decedent, which is equivalent to saying that the inquiry relates to her acts or neglects in her fiduciary capacity (Matter of Sullivan, 169 Misc. 16), the accounting examination or inquiry historically is a “ remedy for the discovery of assets withheld by the representative ” (Matter of *1075 Van Volkenburgh, 128 Misc. 819, 823, affd. 226 App. Div. 10, affd. 254 N. Y. 139). It may be that the answer to the question sought may lead to the disclosure of transfers which the examining party will seek to challenge. ‘ ‘ In the opinion of the Court the matter of an alleged failure of an executor to include in his account assets belonging to the decedent does relate to his administration of the estate. Similarly an alleged neglect in failing to reduce to possession as a representative of the estate property alleged to have belonged to the testator would constitute an alleged neglect in the performance of one’s duty as an executor ”. (Matter of Bierschenk, 140 N. Y. S. 2d 749, 750.)
In general it is the obligation and duty of the fiduciary of an estate to make a complete and full disclosure of all the relevant data pertaining to the estate. Whether such complete disclosure will change the complexion of the matter cannot be known until the facts have been furnished (Matter of Witkind, 167 Misc. 885, 891). The objection is accordingly overruled, and the witness is directed to answer the question propounded on the resumption of the examination.