Morris E. Spector, J.
Heretofore, the petitioner moved pursuant to article 78 of the Civil Practice Act to review the action of the respondents who approved an agreement of settlement in an estate matter. It was asserted that the proposed settlement will divert moneys from a charitable gift and that the respondent (Attorney-General) has failed to perform the legal duties required of him by subdivision 3 of section 12 of the Personal Property Law (Tilden Act). The respondents did not oppose on the merits, but cross-moved to dismiss the petition pursuant to section 1293 of the Civil Practice Act. The cross motion was denied and the application restored to the Motion Calendar for determination. When it appeared on said calendar, respondent (Attorney-General) did not oppose on the merits but moved to reargue the prior cross motion. It is contended that the court does not have jurisdiction to review the acts of the Attorney-General in this estate proceeding, and the subject matter is moot and academic. With these contentions the court is not in accord. “ An application in a proceeding against a body or officer has been entertained, or held or stated to lie, against * * * the Attorney General,” (citing, Matter of Candee v. Cunneen, 92 App. Div. 71; People ex rel. Fargo v. Rosendale, *858 76 Hun 112, affd. 142 N. Y. 670). (22 Carmody-Wait, New York Practice, p. 426.)
The Attorney-General has the power and right to enter into or sanction a compromise of the rights of charitable beneficiaries (Matter of Schlussel, 195 Misc. 1008). However, in a proper case where he has failed to exercise his discretion and perform a duty mandated by a statute or has improperly performed such duty and abused such discretion, the court is not without power to review his acts and provide relief.
Here the petition alleges that the respondent (Attorney-General) was required by statute to enforce this trust, that he exercised his discretion but so imperfectly, without diligent inquiry or investigation and for expediency in violation of the trust imposed on him. For the purposes of this cross motion we must assume these allegations to be true. Accordingly, the petition is sufficient to raise the issue that respondents have failed to properly exercise discretion and have done so. without investigation and in violation of the trust imposed on them. Nor is the matter rendered moot and academic by the entry of the order in the Surrogate’s Court with nothing further done. If the consent to the order by respondents was improper, such order can be annulled and the matter resubmitted for consideration by the Attorney-General. Therefore the motion to reargue is denied and the original determination adhered to.
The court has been requested to permit an appeal from this intermediate order pursuant to section 1304 of the Civil Practice Act, now section 5701 of the Civil Practice Law and Bules, and to stay proceedings pending such appeal. The court is of the opinion that such leave should be granted so that there can be a determination of the appellate courts on the question presented.