S. Samuel Di Falco, S.
During the course of the examination of one of the executors by the Attorney-General pursuant to the provisions of SCPA 2211, questions were asked with respect to certain inter vivos transfers made by the decedent. The executor who was the donee of some of these gifts refused to answer these questions on the ground that the questions covered transactions which occurred prior to the period accounted for, and sought to elicit information as to matters not set forth in the account.
The present motion made by the executors is for a protective order under CPLR 3103 which seeks to vacate the notices of examination on the ground that the Attorney-General is not a proper and necessary party to this proceeding, or in the alternative, for an order limiting the examination to “ the administration of the funds of the estate insofar as they are relevant to the payment by the Executors of the funds to which the Alfred T. Stanley Foundation is entitled ”.
The decedent herein died on December 30, 1965. The residuary legatee is a charitable corporation founded by the testator to which he made substantial gifts in his lifetime. The executors are also directors of this foundation bearing testator’s name.
As required by statute (EPTL 8-1.4, subd. [e]), the Attorney-General was made a party to this proceeding by the service upon him, of citation together with a copy of the petition and account. He has appeared in the proceeding on behalf of the ultimate charitable beneficiaries and his examination of the accounting executors pursuant to the provisions of SCPA 2211 is being carried out under the powers vested in him by statute. EPTL 8-1.1 (subd. [f]) charges the Attorney-General with the representation of beneficiaries of “dispositions for religious, charitable, educational or benevolent purposes ” and it establishes his duty to enforce the rights of such beneficiaries by proper proceedings in the courts. EPTL 8-1.4 imposes upon the *234 Attorney-General the duty to supervise trustees for charitable purposes and the word “ trustee ”, as defined in the statute, in the opinion of this court, includes executors. When, as in the case at bar, the entire residuary estate is bequeathed 11 for charity ”, the executors, during their stewardship of the estate, are individuals ‘ ‘ holding and administering property for charitable purposes ”, (EPTL 8-1.4, subd. [a].)
We cannot, at ene and the same time, charge the Attorney-General with the supervision of charitable trusts (Matter of Lachat, 184 Misc. 492; St. Joseph’s Hosp. v. Bennett, 281 N. Y. 115), give him the power to see that the trust is devoted to the stated charitable purposes (Matter of James, 22 Misc 2d 1062; Matter of Hamilton, 185 Misc. 660, affd. 270 App. Div. 634, affd. 296 N. Y. 578), and the power to sanction a compromise of the rights of charitable beneficiaries (Matter of Schlussel, 195 Misc. 1008; Matter of Martin v. Lefkowitz, 40 Misc 2d 857), but deny him the opportunity to conduct an inquiry to ascertain facts necessary for the efficient discharge of his statutory duties. This court is of the .opinion that the Attorney-General is a necessary and proper party to this proceeding and has the right and the duty to examine the executors as to their administration of the estate.
The purpose of any examination under the provisions of SCPA 2211 (formerly Surrogate’s Ct. Act, § 263) is to enable the examining party to ascertain facts in order to determine whether or not he is going to file .objections to the account. It is in the nature of a proceeding for the discovery of assets withheld by the accounting executors (Matter of Van Volkenburgh, 128 Misc. 819, affd. 226 App. Div. 10, affd. 254 N. Y. 139). Inquiry is proper where the executors received gifts during decedent’s lifetime (Matter of Barrett, 168 Misc. 937; Matter of Sorenson, 23 Misc 2d 1074). The court will not limit the examination of the executors only to such matters relating to their administration of the estate as shown in the account. One who represents a residuary legatee should have an opportunity to ascertain whether all of the assets of the estate have been accounted for and to verify whether the executors have taken all steps required of them in the administration of the estate. Whether the executors have failed or neglected to reduce all of the estate assets to their possession is a proper line of inquiry (Matter of Bierschenk, 140 N. Y. S. 2d 749).
The gifts to the executors may have been, validly and properly made but it is the duty of the Attorney-General to inquire in respect to those gifts.
*235 The motion for a protective order is, therefore, denied, and the executors are directed to appear and be examined with respect to all inter vivos gifts made by the decedent during the three years prior to his death. If, during the course of such examination, facts are advanced which would indicate that further disclosure is required into events antedating the three-year period, an application for such relief may be made. (Matter of Weston, 12 A D 2d 745.)