Pierson R. Hildreth, S.
In this accounting of an executrix, objections have been filed by the Attorney-General. The executrix then made a motion to strike the appearance of the Attorney-General and to dismiss the objections. The motion is now submitted for determination and a hearing upon the objections is being held in abeyance pending determination of the motion.
Petitioner cited the Attorney-General in behalf of charitable beneficiaries. The Attorney-General then appeared as the sole inherent and .statutory representative of the ultimate beneficiaries of charitable gifts pursuant to EPTL 8-1.4. Petitioner asserts that under EPTL 8-1.4 the authority for the Attorney-General to appear is limited to an accounting by a trustee and does not extend to an accounting by an executor.
This court holds that in this proceeding the Attorney-General is a necessary and proper party. By her will decedent gave monetary legacies to the Salvation Army, St. Marks Methodist Church and Father Flanagan’s Boys’ Home Inc., and left her residuary estate in equal shares to one Priscilla Puffin, The Salvation Army, American Bible Society, and Father Flanagan’s Boys ’ Home, Inc. Clearly the will requires the executrix to hold and devote property to charitable purposes.
EPTL 8-1.4 (subd. [e], par. [1], cl. [D]) requires that when any trustee or other person holding property Avhich may be required to be devoted to charitable purposes shall file any accounting that due notice be served on the Attorney-General. Furthermore the word trustee as used in 8-1.4 is defined to include ‘1 any individual, group of individuals, corporation or other legal entity holding and administering property for charitable purposes, whether pursuant to any will, other instrument or agreement, court appointment, or otherwise pursuant to law, over which the attorney general has enforcement or supervisory powers ’ ’. By EPTL 8-1.4 (subd. [b]) the Attorney-General is granted extensive powers to supervise charitable dispositions, he is empowered to make rules and regulations ( subd. [h]), may investigate to determine whether property held for charitable purposes is being properly administered (subd. [i]), may institute proceedings (subd. [m]) and the .section is to be liberally construed to effectuate its purpose (subd. [n]). (See, also, EPTL 8-1.1, subd. [f].)
*989 The court concurs with the statements in Matter of Stanley (59 Misc 2d 232) that under EPTL 8-1.4 the Attorney-General has the duty to supervise trustees for charitable purposes, that trustee as defined in the statute includes executors, and that executors during administration are individuals holding and administering property for charitable purposes.
That a charitable beneficiary, whether individual or corporate, is represented in the accounting by its own attorney does not affect the provisions of the statute requiring notice to the Attorney-General, nor affect the right and status of the Attorney-General to appear or file objections under his duty to protect dispositions for charitable purposes.
Accordingly the motion to strike the appearance of the Attorney-General and dismiss the objections is denied.