■ In the Matter of WILLIAM·J. THOM LAMBDA LEGAL DEFENSE & EDUCATION FUND, INC.— Application for approval as a legal assistance corporation (Judiciary Law, § 495, subd. 5; Part 608, Rules of the Appellate Division) denied and petition dismissed, without costs and without disbursements. The application states: "The attorneys employed by the Corporation will render, provide and carry out the practice of law activities of the Corporation as set forth in this paragraph. These activities include providing without charge legal services in those situations which give rise to legal·issues having a substantial effect on the legal rights of homosexuals; to promote the availability of legal services to homosexuals by encouraging and attracting homosexuals into the legal profession; to disseminate to homosexuals general information concerning their legal rights and·obligations, and to render technical assistance to any legal services corporation or agency in regard to legal issues affecting homosexuals." The stated purposes are on their face neither benevolent nor charitable (Judiciary Law, § 495), nor, in any event, is there a demonstrated need for this corporation. It is not shown that the private sector of the profession is not available to serve this clientele, nor that, as to indigents, the existing legal assistance corporations are not available. A supplemental affidavit does indicate a lack of desire on the part of some attorneys who work *pro bono publico* to take the cases of homosexuals, but this appears to be no more than a matter of taste, and it is not established that lawyers are completely lacking. The averment does not show that the persons ·concerned will be without legal services unless this corporation is approved for the purpose. It is sought in the papers to demonstrate a likeness to the application of Puerto Rican Legal Defense & Education Fund, Inc., heretofore approved by us, but there is no parallel: the latter's application demonstrated clearly that indigence is rife amongst the intended clientele. It does not appear that discrimination against homosexuals, which undoubtedly exists, operates to deprive them of legal representation. The lack of merit in this application leads us to comment further. We are not told whence the funds to finance the corporation are expected to come, except that they will be solicited. It is well known that there has not been a lack of public and private moneys available to support corporations of this. nature, and this free flowing of finance has undoubtedly led to the proliferation of those similar corporations which now exist. While we have not approved any except those which in our opinion fill a real need, we shall require of each such corporation, on application for continued approval, that it demonstrate continuance of that need. Perhaps the Legislature should speak again with clarity as to what the words "benevolent or charitable purposes" mean as they are used in section 495. We invite such a clarification. Meanwhile, it seems to us that we should not put our imprimatur upon any corporation which seeks approval to practice law for no more reason than that it claims to represent a minority. Concur — Markewich, J. P., Nunez, Kupferman, McNally and Eager, JJ.