Millard L. Midonick, S.
In this proceeding, instituted by children of the testator to invalidate contracts disposing of paintings, which constitute estate assets, and to revoke letters testamentary, the Attorney-General appeared pursuant to EPTL article 8, as the representative of ultimate beneficiaries of a residuary charitable trust. The Attorney-General served an answer and cross petition which requested (1) the revocation *550 of letters testamentary, (2) the rescission of agreements for the sale and consignment of paintings owned by the estate, (3) a declaration that the purchaser and the consignee under such agreements are constructive trustees of such paintings for the estate and (4) a direction that such purchaser, such consignee and the executors account for such assets. The cross petition, alleges that the agreements for the disposition of paintings were in violation of the duties of the executors, were to the financial advantage of the executors and constituted self-dealing. The cross petition further alleges that the agreements constituted a fraud upon the estate and a waste of estate assets.
A motion was made by the respondent corporations, the purchaser and consignee of the paintings, challenging the jurisdiction of this court, and this court’s determination that it had jurisdiction was affirmed (Matter of Rothko, 40 A D 2d 1083). Upon the application of the Attorney-General the court granted a temporary restraining order and later an injunction pendente lite. The granting of this relief was affirmed on appeal to the Appellate Division (Matter of Rothko, 40 A D 2d 965). Motions for disclosure have been made by the Attorney-General and rulings have been made upon the propriety of interrogatories served by this official (Matter of Rothko, N. Y. L. J., Nov. 15, 1972, p. 18, col. 5; N. Y. L. J., Jan. 9, 1973, p. 16, col. 7; N. Y. L. J., Jan. 12, 1973, p. 17, col. 3; N. Y. L. J. Jan 19, 1973, p. 15, col. 8). A motion to dismiss the cross petition of the Attorney-General and to .strike the Attorney-General from the proceeding has been denied (Matter of Rothko, N. Y. L. J., Dec. 22, 1972, p. 15, col. 4).
Now a motion is made by the Attorney-Generarfor a protective order vacating notices to take .the deposition of the Assistant Attorney-General who has been in charge of this litigation. Such notices were served by the charitable foundation, which is the residuary legatee under the testator’s will, and by the executors. A cross motion is made by two executors for an order directing the Assistant Attorney-General to appear for examination.
It is the contention of the Attorney-General that he is acting in this proceeding solely as an attorney at law, that he may not be examined as a party because he does not occupy that position and that the notices served upon him require a disclosure of his work product as an attorney. CPLR 3101 (subd. [a], par. [4]) permits the examination of any person where there are adequate special circumstances and it has been held that an attorney for a party juay be subject to disclosure (Sobel v. Bess, 39 A D 2d 778).
*551 Over a period of many years statutory law has imposed upon the Attorney-General the duty to enforce charitable trusts in his representation of the ultimate beneficiaries of such trusts (L. 1893, ch. 701; Personal Property Law, § 12; EPTL art. 8). In the representation of beneficiaries in litigated matters the Attorney-General has been designated as a “party” to the action or proceeding (Rothschild v. Goldenberg, 58 App. Div. 499, 501; Matter of Hamilton, 270 App. Div. 634, affd. 296 N. Y. 578; Balluffi v. Montross, 199 Misc. 220, 221; Matter of Pelton, 190 Misc. 624, 626; National City Bank of N. Y. v. Beebe, 131 N. Y. S. 2d 67, 71, affd. 285 App. Div. 874, app. dsmd. 308 N. Y. 960; Matter of Duffin, 59 Misc 2d 987; Matter of Stanley, 59 Misc 2d 232). The uncertain beneficiaries of a charitable trust have no standing in court for any purpose. “ Their interests are in the care of the State as parens patriae and are represented by the Attorney-General ” (Trustees of Sailor’s Snug Harbor v. Carmody, 158 App. Div. 738, 756, affd. 211 N. Y. 286).
In the instant proceeding the Attorney-General verified an answer and cross petition, he moved for a temporary restraining order and an injunction pendente lite and he has initiated extensive disclosure proceedings. In all these activities the Attorney-General was acting as a party to this proceeding.
The contention of the Attorney-General that he is acting solely as an attorney and not as a party is not sustainable since it is not the prerogative of an attorney, qua attorney, to initiate an action or proceeding or to seek relief by means of petition or motion on behalf of an unidentifiable client. The allegations of fact alleged in a complaint, a counterclaim or a cross petition are those of the party and not the allegations o.f the attorney, whether or not such allegations are made upon information and belief and whether or not the particular pleading is verified by the party, or on his behalf, by the attorney. The Attorney-General has been a most active litigant in this proceeding and in asserting charges of misconduct and self-dealing on the part of the executors and in seeking affirmative relief against the corporate respondents it must be assumed that this official had a factual basis for his allegations. Certainly the unidentifiable ultimate beneficiaries of the charitable trust could not have provided him with such information. The parties against whom charges are asserted are entitled to ascertain the facts upon which the Attorney-General premised his accusations.
The Eleventh Annual Report of the New York Judicial Conference (1966) contains (p. 148) a treatise by Professor David D. Siegel entitled “Disclosure under the CPLR: Taking Stock *552 after Two Years.” In that report (p. 182 et seq.) Professor Siegel discussed “ Disclosure Against State in Other than Court of Claims ” and there stated that, at the date of his writing, subdivision (f) of CPLR 3102 permitted disclosure against the State in the Court of Claims only, and such provision was inserted at the suggestion of the Attorney-General’s office with the purpose of permitting such disclosure only by order rather than by notice. Professor Siegel was critical of the limitation of this relief to actions in the Court of Claims and he recommended that the provision be expanded to cover disclosure against the State in any court in which it is a proper party, whether plaintiff or defendant, and whether initially or subsequently joined or present as an intervenor. Professor Siegel pointed out that CPLR 1303 provided that, “ Except as otherwise specially prescribed by statute or rule the proceedings in an action brought by the state shall be the same" as- in an action by a private person.”
CPLR 1303 today remains unchanged but, by chapter 638 of the Laws of 1967, subdivision (f) of CPLR 3102 was amended and now reads: “ In an action in which the state is properly a party, whether as plaintiff, defendant or otherwise, disclosure by the state shall be available as if the state were a private person, except that it may be obtained only by order of the court in which the action is pending and except further that it may not include interrogatories or requests for admissions.”
Inasmuch as the Attorney-General occupies in this proceeding the position of the State as parens patriae (Trustees of Sailor’s Snug Harbor v. Carmody, 158 App. Div. 738, 756, supra) the quoted statutes seem to be fully applicable to this proceeding, “whenever the State or one of its agencies is a proper party to an action, its officers and employees, as well as its records, are subject to examination and disclosure ‘ as if the state were a private person ’ (CPLR 3102, subd. [f]) and 1 in the same manner as a private litigant ’. (3 Weinstein-Korn-Miller, N. Y. Civ. Prac., par. 3101.26; see, also, CPLR 1303.) ” (Matter of Lakeland Water Dist. v. Onondaga County Water Auth., 24 N Y 2d 400, 409.)
Subdivision (f) of CPLR 3102 does require that disclosure bé obtained by order of the court and, for that reason, the notice served by the charitable foundation did not meet the statutory requirement. However the cross motion of the executors does constitute an application for an order and seeks the same relief as the notice served by the charitable foundation. Inasmuch as all parties served with the notice qf motion may participate in *553 the disclosure examination (CPLR 3113, -subds. [b], [c]), the granting of a protective order solely on the ground that the charitable foundation attempted to proceed by notice rather than by order of the court, would be a grant of meaningless relief.
It is also argued by the Attorney-G-eneral that under the notice to take the deposition, which does not define the area of inquiry and need not (CPLR 3107), an effort may be made to obtain information which can be considered the work product of an attorney. -Subdivision (c) of CPLR 3101 exempts an attorney’s work product and material prepared for litigation from disclosure unless the court finds that withholding such information will result in injustice or undue hardship. Here we have the unusual situation where the party is also serving as his own attorney and, in effect, the party is appearing pro se. It is recognized that difficulty may be encountered in distinguishing between the information upon which the allegations of a pleading are based, clearly a proper area for disclosure, and the same party’s work product as an attorney. This is a problem which can be resolved only as the pretrial examination of -the party proceeds and particular inquiries, at this time not predictable, shall be made. “ To conform to the underlying policy of the disclosure procedures, which is to permit maximum disclosure, CPLR 3101(c) should be construed as narrowly as possible to include only those materials prepared by the attorney, acting as an attorney, and containing his analysis and trial strategy. All other material prepared for litigation should be encompassed by paragraph 2 of CPLR 3101(d).” (3 Weinstein-Korn-Miller, N. Y. Civ. Prac., par. 3101.44.)
To the same effect, see the extensive and thoughtful analysis by Professor David D. Siegel in Eleventh Annual Report of the Hew York Judicial Conference ([1966], pp. 151-165).
The motion for a protective order is denied and the cross motion for disclosure is granted. The examination of the Assistant Attorney-G-eneral shall follow the conclusion of the examinations of the respondents.