OPINION OF THE COURT
Arthur W. Lonschein, J.
This is an application for the judicial approval of the certificate of incorporation of a proposed type B not-for-profit corporation. (Not-For-Profit Corporation Law §§ 201, 404.) The incorporators have been caught between the Attorney-General and the Department of State, who disagree as to whether this corporation is properly considered as a type A or type B not-for-profit corporation. For the reasons stated below, the court rules that the purposes of this proposed corporation place it in type A, for which no judicial approval is required. Therefore, and notwithstanding the fact that the purposes of this corpo *736 ration appear to be lawful, judicial approval of the certificate is withheld as unnecessary.
The stated purpose of this proposed corporation is to pay for certain legal expenses incurred or to be incurred by three specifically named persons, who stand convicted of crimes. Funds for this purpose are to be raised by solicitation from the public. Contrary to the assertion of the Attorney-General, there is no provision for an unrestricted distribution of any excess funds to the named individuals. Rather, distribution of any excess funds is to be made to them only to the extent of their actual out-of-pocket expenses for legal fees incurred on their original trial. There is no provision for the disposition of any funds over and above those expenses.
It is the position of the Attorney-General that this purpose falls within type A. Type A not-for-profit corporations are those "formed for any lawful non-business purpose or purposes including, but not limited to, any one or more of the following non-pecuniary purposes: civic, patriotic, political, social, fraternal, athletic, agricultural, horticultural, animal husbandry, and for a professional, commercial, industrial, trade or service association.” (N-PCL 201 [b].) Such corporations do not require judicial approval, and so the Attorney-General opposes this application as unnecessary.
Unfortunately for the incorporators, the Department of State views this as a type B corporation, and has declined to file the certificate without judicial approval. Until it does so, the corporate existence does not begin. (N-PCL 403.)
Type B corporations are those "formed for any one or more of the following non-business purposes: charitable, educational, religious, scientific, literary, cultural or for the prevention of cruelty to children or animals.” (N-PCL 201 [b].)
Corporations whose purposes fall within both types A and B are to be considered as type B corporations (N-PCL 201 [c]). Since none of the other type B purposes fit the purposes proposed here, it must be assumed that the Department of State views this legal defense fund as charitable in nature. The Attorney-General argues that such a construction of the word "charitable” is far too broad, and would allow abuse of the tax laws by persons seeking to form bogus charitable corporations.
The court’s discretion in applications of this kind is limited, and the scope of its review is generally restricted to whether or not the purposes of the proposed corporation are lawful. *737 (Matter of Association for Preservation of Freedom of Choice v Shapiro, 9 NY2d 376; Matter of Lueken, 97 Misc 2d 201.) As noted above, the purposes of the proposed corporation appear to be lawful in all respects, and if they were even arguably within type B, the court would give it approval. By giving such approval, however, the court would be implicitly ruling that the corporate purpose is charitable, within the meaning of N-PCL 201. Where, as here, the court cannot make such an implicit finding, it should withhold its approval, as unnecessary.
The court’s exercise of its independent judgment in this matter is, of course, required so that it does not act as a mere rubber stamp. See, for example, Matter of Linda Ann A (126 Misc 2d 43) where the court refused to consent to a change of name petition, normally a pro forma matter, on the grounds that giving such approval would further a possible fraud. A further consideration is the prevention of possible abuse of the tax laws, as argued by the Attorney-General. While there is no indication that the present incorporators intend such abuse, and the Attorney-General makes no such allegation against them, the court’s exercise of its independent judgment will discourage attempts at such abuse by others. Finally, the dispute between the Department of State and the Attorney-General should be resolved. Otherwise, those who propose to form similar corporations will be caught in the same predicament as the present incorporators, subject to conflicting demands by the two State agencies without whose consent they cannot proceed.
While the meaning of the word "charitable” is not always clear (Matter of Thom [Lambda Legal Defense & Educ. Fund], 40 AD2d 787, revd 33 NY2d 609, on remand 42 AD2d 353), it necessarily implies an intent to benefit the public (Matter of Hamilton, 270 App Div 634, affd 296 NY 578). Still, the term should not be given so wide a scope that it encompasses every public, altruistic or beneficial purpose. (See, e.g., Matter of Rathbone, 170 Misc 1030, 1054-1055.) Otherwise, there would be a little of type A which would not be subsumed in type B, and the statutory classification would come to naught.
In properly considering the purposes of this proposed corporation, the salient fact must be that it is intended to be for the specific benefit of three named persons. There is no provision for using any portion of the funds for the benefit of the public or for any class of the public. This fact, alone, is sufficient to preclude characterization of the corporate purposes as charita *738 ble. It is universally held that one of the essential characteristics of charitable purposes is that they are to benefit an indefinite number of persons. (Matter of Davidge, 200 App Div 437; Matter of Altman, 87 Misc 255; Burke v Roper, 79 Ala 138; People ex rel. Ellert v Cogswell, 113 Cal 129, 45 P 270; Lynch v Spilman, 67 Cal 2d 251, 62 Cal Rptr 12; United Presbyt. Assn. v Board of County Commrs., 167 Col 485, 448 P2d 967; People ex rel. Marsters v Rev. Saletyni Missionaries, 409 Ill 370, 99 NE2d 186; Oasis, Midwest Center for Human Potential v Rosewell, 55 Ill App 3d 851, 370 NE2d 1124; Jackson v Phillips, 96 Mass [14 Allen] 539; Lear v Manser, 114 Me 342, 96 A 240; Mayo Found. v Commissioner of Revenue, 306 Minn 25, 236 NW2d 767; Franta v Bohemian R. C. Cent. Union, 164 Mo 304, 63 SW 1100; Evangelical Retirement Homes v State Tax Commn., 669 SW2d 548 [Mo]; Johnson v Bowen, 85 NJ Eq 76, 95 A 370; Edgeter v Kemper, 136 NE2d 630 [P Ct, Ohio]; In re Estate of Voegtly, 396 Pa 90, 151 A2d 593; Hospital Utilization Project v Commonwealth, 507 Pa 1, 487 A2d 1306; Powers v First Natl. Bank, 138 Tex 604, 161 SW2d 273.)
Further, it is universally, if less frequently, held that entities set up to benefit only a limited number of specifically named beneficiaries are, for that reason, not charitable in nature. (Matter of MacDowell, 170 App Div 245; Porter v Baynard, 158 Fla 294, 28 So 2d 898; Owens v Bank of Glade Spring, 195 Va 1138, 81 SE2d 565; In re Chafin’s Will, 210 Wis 675, 247 NW 325.)
Therefore, the court finds that the purposes of this proposed corporation, while lawful, are not charitable in nature within the meaning of N-PCL 201, that they do not fall within any of the other type B purposes, and that judicial approval is accordingly unnecessary.
Approval is withheld, without prejudice, to a resubmission of the certificate of incorporation to the Department of State as a type A not-for-profit corporation.